**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL WEST,<br>Plaintiff,<br>v.<br>MEGAN'S LAW UNIT,<br>Defendant. | No. 25-cv-12294<br><br>**MEMORANDUM ORDER** |

**CECCHI, District Judge.**

Before the Court are *pro se* plaintiff Michael West's ("Plaintiff") submission of a complaint against "Megan's Law Unit" ("MLU"), the office "responsible for administering the New Jersey Sex Offender Registry," and his corresponding application[1] to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. ECF Nos. 1 ("Compl."), 8. After considering his IFP application, the Court concludes that Plaintiff's financial condition renders payment of the $405.00 filing fee a hardship. Thus, the Court finds that Plaintiff qualifies for IFP status and grants his IFP application (ECF No. 8).

Having granted his IFP application, the Court must screen Plaintiff's complaint *sua sponte* to determine whether it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Hudson v. McGlynn*, No. 24-6729, 2025 WL 262151, at *1 (D.N.J. Jan. 22, 2025). However, before considering the sufficiency of Plaintiff's allegations, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Eisai R&D Mgmt. Co. v. Dr. Reddy's Lab'ys, Inc.*, No. 22-5950, 2023 WL 7331272, at *3 (D.N.J. Nov.

[1] The Court denied Plaintiff's first IFP application and provided Plaintiff with thirty days to submit a renewed application. ECF No. 7. Plaintiff timely filed a renewed application. ECF No. 8.

7, 2023) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)); *see Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869–70 (3d Cir. 2022) ("Federal courts are courts of limited jurisdiction, and [they] must therefore be certain that there is a basis for [their] authority to hear each suit before proceeding to the merits."). If the Court "concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Eisai R&D*, 2023 WL 7331272, at *3 (quoting *Arbaugh*, 546 U.S. at 514); *see also McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) ("[P]laintiff . . . bears the burden of proving that the federal court has jurisdiction."). Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen. of U.S.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff, who previously pled guilty to a crime not specified in his complaint, alleges that since 2019 he has been required to register as a sex offender with MLU pursuant to New Jersey's Sex Offender Registry Law ("Megan's Law"), N.J. Stat. Ann. § 2C:7-1 *et seq*. Compl. at 2. As a result of his registration, Plaintiff alleges that (i) his name, address, and personal information are public; (ii) he "is required to provide proof of residency"; and (iii) he is "barred from petitioning for removal from" the State's registry for 15 years. *Id.* Plaintiff claims that his ongoing registration caused his post-traumatic stress disorder and other "collateral consequences." *Id.*

Plaintiff appears to make two as-applied challenges to the State's registration requirements. First, he claims that his "registration and ongoing supervision" are unlawful because they stem from a "guilty plea"—as opposed to a "jury verdict or finding of guilt beyond a reasonable doubt." *Id.* Second, Plaintiff claims that the crime he pled guilty to does not trigger Megan's Law's registration requirements. *Id.* at 2–3. As a result, Plaintiff alleges that MLU lacks a "lawful basis for [requiring] his registration." *Id.* Based on these allegations, Plaintiff brings four claims against MLU, three under 42 U.S.C. § 1983 for violations of his constitutional rights and one based on an

alleged violation of New Jersey law. *Id.* at 2–3. He requests compensatory and punitive damages, injunctive relief removing him from the State's registry, declaratory and injunctive relief preventing MLU from requiring any future registration, and injunctive relief requiring MLU to issue a "genuine written apology." *Id.* at 3.

The Court will dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. The Eleventh Amendment provides that "nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *see Rothman v. N.J. Dep't of Lab. & Workforce Dev.*, 848 F. App'x 532, 533 (3d Cir. 2021); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject[-]matter jurisdiction."). This immunity extends not only to the States, but also to their "agencies and departments." *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001); *see, e.g.*, *Polanco v. N.J. Att'y Gen.'s Off.*, No. 12-778, 2013 WL 1339127 (D.N.J. Mar. 28, 2013) ("The New Jersey State Police is undoubtedly an arm of the state, and thus is accorded immunity from suit under the Eleventh Amendment."); *Tucker v. City of Phila.*, 679 F. Supp. 3d 127, 139–40 (D.N.J. 2023) (same for the New Jersey Attorney General's office).

The sole named defendant here is MLU, the "governmental entity responsible for administering" New Jersey's Megan's Law registry. Compl. at 1–2. Absent the State's consent, Plaintiff cannot assert claims in federal court against MLU. *Garrett*, 531 U.S. at 363. Therefore, the Court must dismiss the complaint for lack of subject-matter jurisdiction. *See Prymock v. Megan's L.*, No. 22-524, 2023 WL 12087778, at *2 (M.D. Pa. Oct. 17, 2023), *report and recommendation adopted*, No. 22-524, 2023 WL 12087777 (M.D. Pa. Nov. 6, 2023); *Humbert v. Kurtz*, No. 05-1967, 2008 WL 719244, at *7 (M.D. Pa. Mar. 14, 2008) ("Megan's Law Unit [is]

entitled to immunity as [an] arm[] of the state and will be dismissed from the case."); *see also Palmerini v. Burgos*, No. 10-210, 2011 WL 3625104, at *8 (D.N.J. Aug. 15, 2011) ("[C]ourts within the Third Circuit have consistently and uniformly held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices and staff, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of New Jersey.").

Accordingly**, IT IS,** on this 28th day of October 2026,

**ORDERED** that Plaintiff's IFP application (ECF No. 8) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's complaint (ECF No. 1) is **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 5) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of the date that this Memorandum Order is entered. The amended complaint "shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added." L. Civ. R. 15.1(b)(2); and it is finally

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED**.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**